ELLIS, Judge:
This is an action for damages for personal injuries suffered by plaintiff Bobby R. Church while riding as a guest passenger in an automobile owned and operated by Rodney L. Guillory, the insured of defendant Allstate Insurance Company. The accident happened when Guillory’s automobile left the highway and went into a fence, causing the injuries suffered by plaintiff. Allstate has interposed the defenses of assumption of risk and contributory negligence, based on Guillory’s alleged intoxication and operating the vehicle at an excessive rate of speed. From a judgment rejecting plaintiff’s demands, he has appealed.
Plaintiff and Guillory met at about 4:30 p.m. one afternoon, and except for a period during which they had supper, were drinking beer together at a nightclub until shortly before the accident, which happened at 2:30 a.m. on the following morning. Plaintiff testified that he drank between four and six beers during the period between 8:00 p.m. and 2:15 a.m., and that Guillory had two less than he did. Guillo-ry admitted to drinking six beers during that time.
They had left the nightclub and were on their way to West Baton Rouge Parish, when the accident happened. Guillory testified that he was going 80 or 90 miles an hour, and that he was unable to negotiate a curve. Plaintiff testified that he noticed nothing unusual about the way that Guillo-ry was driving, stating that the speed seemed about 65 or 70 miles per hour to him.
The trooper who investigated the accident smelled alcohol on Guillory’s breath, and noted him to be bleary eyed and messed up. He did not charge Guillory with driving while intoxicated because he felt that his appearance could be attributed to the lateness of the hour as well as to the alcohol.
The law in cases such as this is well settled. If the driver of a vehicle is shown to be intoxicated, and the intoxication is shown to be a contributing cause of the accident, and if a guest passenger knows or should know that the driver’s faculties are materially impaired because of his intoxication, the passenger is said to have assumed the risk, and is also guilty of contributory negligence sufficient to bar his recovery. Walker v. New Amsterdam Casualty Company, 199 So.2d 39 (La.App. 1 Cir. 1967).
The trial court found that Guillo-ry’s faculties were materially impaired from drinking and that plaintiff should have known it. He also found that Guillo-ry was driving at an excessive rate of speed and that plaintiff should have known it and should have admonished him. He felt that plaintiff had assumed the risk of *648 injury on both counts and could not, therefore, recover. We believe his conclusion in this respect to be fully supported by both the law and the evidence.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.