BARNETTE, Judge.
This is a suit in tort for damages instituted by plaintiff-appellant, Mrs. Minnie Ten Bensel, against defendants-appellees, Maurice J. Trosclair and State Farm Mutual Insurance Company, his liability insurer, as a result of an automobile accident in which plaintiff was injured. After trial on the merits, judgment was rendered by the trial court dismissing plaintiff’s suit at her costs. It is from this adverse judgment that plaintiff prosecutes the instant appeal.
On November 6, 1965 at approximately 7:20 P.M., plaintiff was a guest passenger in an automobile being driven by Mr. Trosclair. Mr. Trosclair and plaintiff were proceeding on Airline Highway in the direction of Orleans Parish in the left hand, neutral ground lane of traffic. Both Mrs. Ten Bensel and Mr. Trosclair testified that they were conversing as they drove. As the Trosclair vehicle approached the intersection of Elise Street and Airline Highway, it collided with the rear of a truck which was parked preparatory to negotiating a turn onto Elise Street. Mr. Trosclair admits that he was not watching the road immediately prior to the accident. He further admits immediately prior to the impact plaintiff warned him of the parked vehicle but he was unable to bring his vehicle to a safe stop and thereby avoid the collision.
Plaintiff-appellant lists only one specification of error on the part of the trial judge. She urges that the trial court erred in applying the doctrine of “assumption of the risk” to defeat her claim. Defendants-appellees on the other hand contend *503 that the accident occurred because Mr. Trosclair was operating his vehicle while in a condition of intoxication and that plaintiff knew or should have known of this intoxication and should further have known that Mr. Trosclair was because of his intoxication incompetent to properly operate his vehicle.
It has been established by a clear preponderance of the evidence that Mr. Tros-clair was driving while in a state of intoxication to such extent that it materially impaired his physical and mental faculties. We are convinced that his intoxication rendered him unable to operate his vehicle as a reasonable and prudent man and therefore his intoxication was the proximate cause of the accident in which plaintiff was injured.
The evidence establishes that Mr. Tros-clair had been drinking rather steadily from approximately 2:00 P.M. until just prior to the accident. In his company during this period of time were plaintiff herself and one Mrs. Zella Kendall.
Mr. Trosclair arrived at Lou Mars Restaurant and Bar in the early afternoon where he and plaintiff viewed a football game on television. Both enjoyed at least four rounds of alcoholic beverages during the course of the game. From Lou Mars, Mr. Trosclair, plaintiff and Mrs. Kendall drove to Lakeside Shopping Center in Mrs. Kendall’s car where plaintiff and Mrs. Kendall made some purchases while Mr. Trosclair awaited their return at the Cove, a lounge in the Shopping Center complex. Mr. Trosclair remained at the Cove from between one-half hour to two hours and consumed sufficient alcoholic beverages during this time to warrant Mrs. Kendall’s describing him as being drunk when she saw him upon her return from shopping. Yet prior to his leaving the Cove, Mr. Trosclair together with plaintiff and Mrs. Kendall had at least one more round of drinks. From the Cove all three drove in Mrs. Kendall’s car to Thomassies Restaurant where Mrs. Kendall bought chicken which she planned to use for her dinner and Mr. Trosclair and plaintiff had at least two more rounds of drinks. After-wards all three returned to Lou Mars where defendant had his car parked. At this point Mrs. Kendall testified that Mr. Trosclair was so intoxicated that he tripped over a bar stool and fell to the floor. In addition there was some discussion regarding whether plaintiff would ride home with Mr. Trosclair or Mrs. Kendall. When plaintiff decided to ride home with defendant, Mrs. Kendall told Mrs. Ten Bensel that she would follow her home in her car to make sure she arrived safely.
As Mr. Trosclair left the parking area at Lou Mars he entered the Airline Highway where he ran against traffic until he reached a break in the neutral ground. Then he turned into the opposite lane of Airline Highway which runs in the direction of New Orleans. Almost immediately thereafter the accident occurred.
At the scene of the accident was one Ira Miles who testified regarding Mr. Tros-clair’s condition immediately after the collision. Mr. Miles stated that Mr. Trosclair was not visibly injured. However he was hardly able to stand and could barely speak due to his intoxication much less speak in an articulate manner. Mr. Miles further testified that Mr. Trosclair’s breath reeked of alcohol and that he attempted to strike the State Trooper investigating the accident.
On the basis of the testimony we find no difficulty in concluding that Mr. Trosclair was operating a motor vehicle while grossly under the influence of alcohol. There is no doubt that his mental faculties and physical reflexes were so dulled by the beverages he had consumed he was unable to operate his vehicle with the proper degree of prudence or skill.
We are further of the opinion that plaintiff knew or should have known of Mr. Trosclair’s state of intoxication and therefore assumed the risk when she elected to ride home with him. Plaintiff had been with Mr. Trosclair the entire afternoon. During this time she drank with him and *504 had ample opportunity to observe the amount which he consumed and the manner in which his drinking was affecting him. When she chose to drive with him under these conditions, she assumed the risk and was guilty of independent, contributory negligence which is a bar to her recovery of damages.
In a similar factual situation this court in Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197 (1961), stated the applicable principle of law in the following language^
“Under our more recent jurisprudence as set forth in the cited cases, it is no longer necessary to show that the driver was drunk. The fact that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired is sufficient. We therefore hold that the action of a guest passenger in voluntarily riding with a driver under the influence of intoxicants to an extent sufficient to make him lose normal control of his mental and physical faculties and to cause such faculties to be materially impaired, whose condition was known or should have been known to the guest passenger, constitutes not only an assumption of the risk in any claim against his host but also independent, contributory negligence sufficient to bar his recovery from third persons in any case where the host driver was guilty of negligence which was a proximate cause of the accident.”
127 So.2d at p. 199.
See cases cited therein and also Walker v. New Amsterdam Casualty Company, 199 So.2d 39 (La.App. 1st Cir. 1967); Barnebey v. Northwestern Mutual Insurance Company, 186 So.2d 658 (La.App. 2nd Cir. 1966); Otis v. New Orleans Public Service, Inc., 127 So.2d 197 (La.App. 4th Cir. 1961).
For the foregoing reasons the judgment of the lower court is affirmed. Costs of these proceedings to be borne by plaintiff-appellant.
Affirmed.