299 So.2d 525 (1974)
Margaret LAUER
v.
Herbert S. DICKINSON et al.
No. 6253.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearings Denied September 10, 1974.
Writs Refused October 25, 1974.
*526 John M. Coman, Jr., New Orleans, for Margaret Lauer, plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Curtis R. Boisfontaine, Jack M. Alltmont, New Orleans, for United States Fire Ins. Co., defendant-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Pat W. Browne, Jr., New Orleans, for Liberty Mutual Ins. Co., defendant-appellee.
Before REDMANN and GULOTTA, JJ. and MARCEL, J. Pro Tem.
GULOTTA, Judge.
This is a suit by a mother for the wrongful death of her eighteen year old daughter arising out of a one-car accident on I10 Highway in the City of New Orleans on March 23, 1969. The decedent was a guest passenger in an automobile driven by an eighteen year old son of defendants, Herbert and June Dickinson, and rented by the father from Budget Rent-A-Car of New Orleans, Inc.
The suit is directed against the parent of the driver of the vehicle, the automobile rental agency and its insurer, and the United States Fire Insurance Company which afforded coverage under the uninsured provisions of a policy issued to the uncle of the decedent with whom she was residing at the time of her death.
The facts are that Kenneth Dickinson, the eighteen year old driver, was traveling inbound (west) on I10 in the City of New Orleans. At a point approximately 3/10 of a mile east of Paris Road, Dickinson lost control of the automobile while driving at a high rate of speed.[1] The vehicle left the highway, striking power poles on the median and turning upside down, coming to rest in the center lane of the highway at a distance of approximately 475 feet. It was stipulated that both occupants of the automobile "were intoxicated at the time of the accident and that said intoxication was to a degree that it would have materially affected Kenneth Dickinson's ability to drive." [2]
Judgment was rendered in favor of plaintiff and against the father of the minor driver of the automobile and the minor in the sum of $25,000.00 and against the uninsured motorist carrier (United States Fire Insurance Company) in the sum of $5,000.00. Judgment was further rendered dismissing the suit against Budget Rent-A-Car and its insurer, Liberty Mutual Insurance Company.
The defendant uninsured motorist carrier appeals. Plaintiff appeals from the judgment dismissing the automobile rental agency and its insurer.
Defendant uninsured motorist carrier, in seeking reversal from that part of the judgment in which they are cast, contends the guest passenger, in assuming the risk of riding with an intoxicated driver, was contributorily negligent since she either knew or should have known of his (the driver's) intoxicated state. According to defendant, the driver's condition was a *527 substantial contributory cause of his negligence and the resulting accident.[3]
Plaintiff, on the other hand, argues that defendants failed to carry the burden placed on them to show contributory negligence.
According to plaintiff, evidence that the driver's blood alcohol content indicated intoxication and evidence that the vehicle was traveling at a high rate of speed is not sufficient for the defendants to discharge their burden under the circumstances of this case. We agree.
In Johnson v. Allstate Insurance Company, 254 So.2d 91 (La.App. 3rd Cir. 1971), cited by plaintiff, the court concluded that defendants failed to carry the burden that the intoxication was a contributory cause of the accident (a head-on collision) or that the passengers knew or should have known that the driver had a sufficient quantity of intoxicants to cause a material impairment of his mental and physical faculties. In that case, as ours, the blood alcohol content of the driver was .12 percent. The alcohol content of the passengers in the Johnson case ranged from .23 percent to .10 percent. While there was evidence in that case that the driver and passengers had been seen drinking whiskey from 6:30 to 11:10 p. m.[4] and each had additionally two or three beers, the court failed to find contributory negligence. See also Galmiche v. Smith, 269 So.2d 490 (La.App. 4th Cir. 1972).
There is less evidence in the instant case than in Johnson to show that the passenger knew or should have known of the driver's intoxication to the point of impairment. Here, we have no evidence of the activities of the occupants of the automobile prior to the accident. It is true that the accident investigation indicated the vehicle was traveling at a high rate of speed. However, there is no evidence that this rate of speed persisted for any length of time prior to the accident or that the passenger protested or failed to do so or was in a position to compel the driver to reduce his speed. The language of the court in Galmiche, supra, is pertinent in this respect. In that case, we said at page 492:
"A passenger is not required to test the condition of the driver prior to entering a vehicle or to monitor the driving while in progress, but simply to make reasonable observations and to take reasonable actions based on those observations."[5]
Absent any additional evidence to support defendant's claim, we cannot conclude under the circumstances of this case that the passenger's actions were unreasonable. To reach a different conclusion would require conjecture and speculation. Evidence of the decedent's contributory negligence is lacking. Defendants simply failed to carry their burden.
In seeking judgment against the automobile rental agency and its insurer, plaintiff contends on appeal, among other things, that the trial judge erred when he concluded that the provisions of the rental agreement (excluding drivers under 21 years of age from driving) exonerated the rental agency's insurer from liability since this exclusion limited or restricted the insurance coverage afforded to persons renting the automobile. According to plaintiff, the rental agreement cannot alter the policy provisions unless the rental agreement is made a part of the policy. She supports her argument with LSA-R.S. 22:628 which provides:
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless *528 in writing and made a part of the policy. This Section shall not apply to the contracts as provided in Part XV of this Chapter."
In Jones v. Breaux, 289 So.2d 110 (1974), the Louisiana Supreme Court[6] in a recent case involving a rental agreement which prohibited persons under 21 years of age from driving or using the vehicle (similar to the instant case) and an insurance policy, with substantially the same provisions defining an "insured" as in the instant case,[7] held that the rental agreement conflicted with and modified the insurance coverage and must be made a part of the policy as required in LSA-R.S. 22:628. In that case, as here, the omnibus clause of the policy defines the "insured" as follows:
"`* * * With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the name insured or such spouse or with the permission of either.' (Emphasis here and elsewhere supplied.)"
While the court in Jones concluded that the rental agreement restricts or modifies the coverage and must be made a part of the policy, nevertheless, coverage cannot be afforded absent permission from the insured.
Budget Rent-A-Car and its insurer, Liberty Mutual, argue that no permission was given by the insured in the instant case. They point out that (according to the reasoning in Jones) coverage was afforded under the policy (irrespective of the prohibition against persons under 21 years of age from driving the vehicle) because the vehicle was being "operated" by the minor for the use of the lessee of the automobile while the lessee was a passenger in the vehicle. According to these defendants, the court concluded in Jones that "operation" by the minor under such circumstances falls within the protection of the omnibus clause even when the vehicle is driven by a person under 21 years of age. They argue while no permission was given to the driver in Jones, the court theorized that the vehicle was driven for the lessee's use. They suggest, however, in the instant case, although the minor had the lessee's permission to drive, the lessee was not in the vehicle at the time of the accident nor was the automobile otherwise being operated by the minor for the lessee's use at the time of the accident. Accordingly, they say, the prohibition in the rental agreement is viable, and no coverage is afforded.
The uninsured motorist carrier counters with the argument that the court in Jones at page 113 stated coverage is afforded under the omnibus clause generally when the permittee (the lessee) "was using" the vehicle or was "legally responsible for its use." They contend further in our case although the vehicle was not being operated for the lessee's use, nevertheless the lessee father, by operation of law, is responsible for his minor son's[8] use of the automobile. LSA-C.C. art. 2318. They suggest that it is reasonable if an umbrella of coverage is provided attaching liability under a "use" theory, then the umbrella of coverage extends to one who is "legally responsible for its use" when he is the parent of the minor and is necessarily liable for his minor's acts and when the parent has given the minor permission to drive.
This argument might have merit had permission been given by the "insured" *529 (for the minor to drive) as defined under the omnibus clause of the policy. As pointed out by defendants (Budget Rent-A-Car and Liberty Mutual), the insured in this case is the rental agency and not the father of the minor. The policy protects Budget Rent-A-Car as its insured and any persons driving with their permission. While Kenneth's father had permission from Budget Rent-A-Car, the minor (Kenneth) did not. We, therefore, conclude there is no liability coverage by Budget Rent-A-Car or its insurer, Liberty Mutual, since the driver of the automobile did not have the permission of the insured, Budget Rent-A-Car, to drive and since the driver was not operating the vehicle for the lessee or permittee's use, i. e., his father, Herbert Dickinson. Plaintiff is entitled to recovery under the uninsured provision of the policy issued by United States Fire Insurance Company.
Accordingly, the judgment is affirmed.
Affirmed.
NOTES
[1] The police report indicated 100 mph. However, the detailed narrative police report indicated a "high rate of speed".
[2] According to the stipulation, the driver's blood sample showed the alcoholic level in the blood at .128 percent. The alcoholic level in the blood sample of the deceased guest passenger was .14 percent. It was further stipulated that a .10 percent alcohol level in an average adult is a sufficient amount of alcohol to produce intoxication.
[3] They rely on the case of Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971); Bensel v. Trosclair, 250 So.2d 502 (La.App. 4th Cir. 1971); Church v. Allstate Insurance Co., 242 So.2d 646 (La. App. 1st Cir. 1970).
[4] The accident occurred at 11:45 p. m.
[5] See Peterson v. State Farm Mutual Automobile Ins. Co., 291 So.2d 831 (La.App. 4th Cir. 1974), at page 833.
[6] In a 4 to 3 decision.
[7] Counsel in argument acknowledge the similarity of the rental agreement and policy provisions in Jones and the instant case.
[8] This accident occurred prior to the adoption of Act 98 of 1972 which reduces the age of majority to age 18.