355 So.2d 1070 (1978)
James GRADY
v.
ALLSTATE INSURANCE COMPANY.
No. 8841.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
*1071 Gordon Hackman, Boutte, for plaintiffappellee.
Porteous, Toledano, Hainkel & Johnson, E. Ross Buckley, Jr., New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and WICKER, JJ.
GULOTTA, Judge.
Defendant, the liability insurer of a car rental agency, appeals from a judgment in favor of plaintiff for damages arising out of an accident which occurred when the rented vehicle, in which the lessee was a passenger, was being driven by a third party. The negligence of the driver of the rented vehicle is not in dispute. We affirm.
The multi-faceted contentions of the defendant-insurer are: 1) that the trial judge erred in denying the insurer's motion for summary judgment where the affidavits, without contradiction, clearly demonstrated that the driver of the rented automobile was not the person who rented the vehicle and had no permission from the rental agency to drive the automobile; 2) that the trial judge abused his discretion in extending the deadline for taking depositions of physicians (upon plaintiff's request) beyond the date set in the pretrial order; 3) that the $3,750.00 general damage award is excessive; and 4) that no evidence exists in the record to support the $463.96 special damage award.
Before considering these contentions, we note, ex proprio motu, that on February 1, 1974, the insurer filed a motion for summary judgment. On April 3, 1974, the trial judge rendered the following order:
"Mover's motion for summary judgment is granted on the pleadings, said judgment to take effect on the 10th day of April, 1974. Should respondent file memorandum of law prior to that date, the Court will consider said argument and render an amended judgment, if one is appropriate."
Subsequently, plaintiff (respondent) filed a memorandum in opposition and the trial judge on May 15, 1974, rendered an order denying Allstate's motion for summary judgment. Our initial concern was that the April 3 judgment was a final one, later set aside after the delay for the filing of a motion for new trial had expired, in violation of LSA-C.C.P. art. 1951. On further reflection, however, we conclude that the conditional granting of the motion for summary judgment, by its own terms, is not a final judgment. See LSA-C.C.P. art. 1918; Spencer v. Burglass, 288 So.2d 68 (La.App. 4th Cir. 1974). Accordingly, our initial concern that the trial judge's actions may have been in contravention of LSA-C.C.P. art. 1951 is without merit.
In connection with the denial of the summary judgment, it is Allstate's argument that the rental agreement, signed by the lessee, provides, in pertinent part:
"* * * Further said vehicle will be operated only by Renter or (1) the employer, employee, or fellow employee of Renter, or (2) any member of Renter's immediate family: provided that Renter's permission first be obtained and all such operators shall be at least 21 years of age and duly qualified and licensed."
According to Allstate, because the rented automobile was not driven by lessee but by one who was neither an employer, an employee nor a member of the lessee's immediate family, the insurer cannot be held liable. The defendant insurer points out its liability under the policy is "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages *1072 . . . ." (emphasis ours) and further states that an "insured" is defined under the policy as a named insured or if the named insured is an individual, his spouse if a resident of the same household and includes any person while using the automobile provided the actual use is by the named insured or such spouse or with the permission of either. Because the named insured, the rental agency, had not given permission to the non-lessee operator of the automobile to drive, the insurer argues no liability coverage exists. We reject this argument.
The Louisiana Supreme Court in Jones v. Breaux, 289 So.2d 110 (La.1974) confronted a problem similar to that raised in the instant case and concluded that liability coverage existed. In Jones, the court stated that the rental agreement, which was not made a part of the policy, "vitally and drastically" limited the omnibus insured clause of the insurance contract in derogation of LSA-R.S. 22:628.[1] Interpreting the omnibus insured clause (which is identical to that in the instant case), the Jones court further stated that the lessee, though not driving the rented vehicle at the time of the collision, was a passenger in it and "was `using the automobile' and was `legally responsible for the use'" at the time of the accident. The court went on to say that the renter or lessee had the lessor's permission to use the automobile and concluded that coverage existed under the omnibus insured clause of the policy. The Jones decision, in our opinion, is dispositive of this issue in the instant case. We conclude the trial judge properly denied the defendant insurer's motion for summary judgment.
In so concluding, we distinguish Lauer v. Dickinson, 299 So.2d 525 (La.App. 4th Cir. 1974), writs denied, 302 So.2d 36 (La.1974), cited by defendant. In the cited case, which involved a rented vehicle driven by a non-lessee, we held that no coverage existed under the rental agency's policy of insurance because the driver of the automobile did not have permission from the rental agency to drive the vehicle and was not operating it for the lessee's use. Significantly, in Lauer, the lessee was not a passenger in the vehicle at the time of the accident. In the instant case, however, although the driver did not have the rental agency's permission to drive the vehicle, he was operating it for the use of the lessee who was a passenger.
We reject further defendant's contention that the trial judge abused his discretion in extending the time for the taking of depositions of plaintiff's physicians beyond the date set in the pretrial order.[2] LSA-C.C.P. art. 1551 states that the pretrial order may be modified "to prevent manifest injustice". We find no merit to defendant's claim that an orderly disposition of the case was prevented by the extension order. Indeed, we fail to perceive how the extension order, which was issued after trial, prejudiced defendant who certainly was not taken by surprise at the time of the trial. Defendant was represented at *1073 the taking of the depositions. No showing is made that defendant requested an extension and was denied. Furthermore, defendant could have availed itself of the extended period for the taking of its own depositions, if it so desired. We find no abuse of the much discretion in extending the date for the taking of the depositions. See Richardson v. DeVille, 204 So.2d 411 (La.App. 3d Cir. 1967); Lawless v. Employers Mutual Fire Insurance Company, 263 So.2d 79 (La.App. 1st Cir. 1972).
We further reject defendant's claim that the general damage award in the sum of $3,750.00 is excessive. Dr. Wilson T. Couch, plaintiff's treating physician, testified that plaintiff suffered acute, moderate lumbosacral strain as a result of the accident. He first saw Grady on July 2, 1971, six days after the accident, and found tenderness in the lower lumbar area and pain extending down the left sciatic area. Though neurological and x-ray examinations were negative, the examination for back muscle involvement was positive. Dr. Couch followed plaintiff weekly for the next four weeks. Analgesics for pain and muscle relaxants for inflammation were prescribed. Plaintiff was advised to apply heat to the affected area and bed rest was recommended. Grady was discharged on August 2, 1971.
Because of continued low back pain, plaintiff consulted Dr. John D. Jackson, a neurosurgeon, who examined him on July 21, 1971. He found no neurological abnormality. Again, because of persistent pain in the lower back extending into the right leg, Grady saw Dr. Homer D. Kirgis, also a neurosurgeon, on January 21, 1972. Dr. Kirgis made no objective findings.
Plaintiff testified that he wore a back brace prescribed by Dr. Couch for three months following the accident. He stated that on August 2, 1972, he continued to have pain and restriction in movement. Plaintiff further stated that he continues to tolerate back pain and limits himself to normal but nonstrenuous activities.
Under the circumstances, we cannot say the $3,750.00 general damage award is excessive.
Finally, we reject defendant's claim that there is no indication in the judgment how the trial judge arrived at the $463.96 special damage award. A cursory examination of the record and the exhibits reveals that plaintiff sustained medical expenses in the sum of at least $93.25 and the lowest estimate received on damages to the plaintiff's automobile is the sum of $370.71. When the above medical expenses and the estimate are added, the total is the sum of $463.96.
Having found no error, we affirm the judgment.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:628 provides:

§ 628. Must contain entire contract with certain exceptions
"No agreement in conflict with, modifying or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy. This Section shall not apply to the following: a) to contracts as provided in Part XV of this Chapter; and, b) to contracts of reinsurance, warranties and/or excess liability insurance which incorporate by specific reference the limitations and provisions of the primary and/or underlying insurance contracts. In connection with insurance contracts wherein primary and/or underlying coverage are coupled with contracts of reinsurance, warranties and/or excess liability insurance, the contents of all of the related contracts when read together shall constitute the entire insuring agreement.
"The provisions of this Section shall apply where primary and/or underlying insurance contracts are coupled by specific reference with contracts of reinsurance, warranties and/or excess liability contracts which are in existence as of the effective date hereof."
[2] September 15, 1976 was the deadline set in the pretrial order for the taking of depositions of all physicians. The matter was tried on September 29 and October 1, 1976. The order of the court extending the deadline for the taking of medical testimony to January 30, 1977 was signed on November 22, 1976. Depositions of three physicians were taken on January 6, January 18 and January 19, 1977. Judgment was rendered on February 18, 1977.