389 So.2d 915 (1980)
Hazel B. LUNDA
v.
Bruce M. SAUER et al.
No. 11315.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
C. Gordon Johnson, Jr., Porteous, Toledano, Hainkel & Johnson, New Orleans, for third-party defendant-appellee Insurance Co. of North America.
Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for third-party plaintiffs-appellants Bruce M. Sauer, City Stores, Inc. and The Travelers Ins. Co.
Before REDMANN, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
This suit arose out of an automobile accident which occurred on August 7, 1975. Plaintiff alleged that the accident was caused by the negligence of Bruce M. Sauer in the operation of a vehicle leased to his employer, City Stores, Inc., and owned and leased by Ryder Truck Rental. She further alleged that Travelers Insurance Company was the liability insurer of City Stores and accordingly joined as defendants Sauer, City Stores, Ryder and Travelers. Ryder was subsequently dismissed from the suit by plaintiff and the remaining defendants brought a third-party demand against Insurance Company of North America (INA) as the primary liability insurer of Sauer and City Stores. From a judgment dismissing the third-party demand third-party plaintiffs have appealed.
Because Sauer was under 21 years of age at the time of the accident the issue is whether INA afforded coverage under its policy considering provisions of the lease agreement between Ryder and City Stores precluding operation of the vehicle by any person under 21 years of age.
*916 The lease agreement entered into on August 7, 1975, between City Stores and Ryder contained the following provisions:
"Ryder Truck Rental, Inc. (Owner) hereby rents to the firm or person executing the reverse side hereof (Renter) the motor vehicle described herein (Vehicle). Owner and Renter for the considerations and warranties herein provided covenant and agree as follows:
1. Renter warrants and agrees that the Vehicle shall not be operated:
(a) In violation of any law, ordinance, rule or regulation of any governmental agency or body or by any person under the age of 21 or who is not duly licensed and qualified."
In addition, above the renter's signature on the agreement, the following is provided:
"I have read and hereby agree to the terms and conditions on page 2 of this agreement and understand that I am bound by those terms. I further understand that the liability insurance as outlined in paragraph 4 is void if driver is under 21 years of age, and I accept the vehicle in the physical condition described above."
The insurance policy issued by INA to Ryder provides:
II. PERSONS INSURED
"Each of the following is an insured under this insurance to the extent set forth below:
(c) Any other person while using an owned automobile or a hired automobile with the permission of the Named Insured provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission ..."
The policy also provides:
"It is agreed that such automobile liability insurance as is afforded by the policy, including the Exclusions and Conditions applicable thereto, for bodily injury liability under Coverage A and for property damage liability under Coverage B applies to any one or more persons or organizations leasing/renting an automobile from any named insured subject to the following provisions:

* * * * * *
2. In addition to the other terms of this policy, the insurance afforded to such lessee/renter, his agents or employees, or to any person or organizations legally responsible for the use of an automobile so leased/rented by such lessee/renter shall also be subject to the terms, including the limit or limits of liability, conditions restrictions, and limitations in the lease/rental agreements, providing the coverage afforded under this policy is not thereby enlarged or extended."
Appellants rely on Jones v. Breaux, 289 So.2d 110 (La.1974) and Grady v. Allstate Ins. Co., 355 So.2d 1070 (La.App. 4th Cir. 1978), in support of their position that the provisions of the rental agreement were ineffective to limit coverage under the policy.
In the Jones case, the court found that there was coverage in favor of the lessee for liability growing out of an accident in which the plaintiff was injured as the result of the negligence of the lessee's son in the operation of the leased vehicle. The driver was under 21 years of age and the rental agreement contained provisions similar to those contained in the rental agreement now under consideration. The court held that because the rental agreement was not made a part of the policy as required by LSA R.S. 22:628 the limitation of coverage was invalid. The same result was reached by this court in the Grady case which involved the operation of the rented vehicle by an under-age driver, a rental agreement which prohibited such operation and an insurance policy issued to the rental company which did not contain such a restriction.
INA relies on Lauer v. Dickinson, 299 So.2d 525 (La.App. 4th Cir. 1974) writs refused, 302 So.2d 36 (La.). That case is distinguishable. In that case the rental agency and not the father of the minor driver was the insured. In the instant case City Stores is an insured under the policy *917 along with the rental agency. More importantly, the automobile in the Lauer case was not being operated for the benefit of the father, whereas, in the instant case the insured City Stores was using the vehicle through its employee Sauer when the accident occurred, bringing it squarely within the ambit of the Jones and Brady cases in which the lessees were passengers in the vehicles being operated by minor drivers with their permission.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of Bruce Sauer, City Stores, Inc. and The Travelers Insurance Company, and against Insurance Company of North America, denying its motion for summary judgment. The costs of this appeal are assessed against Insurance Company of North America, all other costs to await the outcome of the case which is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.