WILLIAMS, Judge.
This appeal arises out of an automobile accident between plaintiffs, Louis L. Hearty and Leo R. Bias, and defendant, Russlane Harris. At the time of the accident, the car driven by Harris was leased by defendant, Budget Rent-A-Car, to Nathaniel E. Willis.
Summary judgment was granted dismissing plaintiffs’ claims against Budget, based on provisions of the rental agreement stating that use of the rented vehicle by a driver other than one specified in the contract would cancel and terminate liability insurance coverage. We affirm.
On October 20, 1986 plaintiffs’ car was hit by a leased vehicle as they slowed for traffic near the Claiborne Exit on Interstate 10 in New Orleans. Deposition testimony shows that defendant Harris was the driver and sole occupant of the leased car. Plaintiffs filed suit against Harris, Gerald Elwood, then believed to be the lessee of the vehicle operated by Harris, and Budget, the lessor of the vehicle.
The lease agreement in effect at the time of the accident indicates that Budget was the lessor of the vehicle driven by Harris. The lessee, Nathaniel Willis, signed the lease and was listed as the Renter, and Gerald Elwood signed and was listed as the Additional Driver. The back of the agreement provided, in pertinent part:
2. The following restrictions are cumulative and each shall apply to every use, operation or driving of vehicle. Under no circumstances shall vehicle be used, operated or driven by any person:
[[Image here]]
(g) By any person other than (1) the Renter who signed this agreement, or (2) any additional driver who signed this , agreement.
* ¾! ⅜ * * sfc
7. BUDGET/SEARS agrees to provide to the renter, and additional driver, liability coverage within the limits of liability equal to the minimum limits required by the ... law of the state in which the vehicle is rented. As a condition for this coverage, Renter and driver agree to comply with, and be bound by, all terms, conditions, limitations, and restrictions related to said coverage....
The insurance coverage referred to in this paragraph 7 does not apply:
[[Image here]]
(e) While said vehicle is used, driven or operated in violation of the provisions of paragraph ... 2(g) hereof.
This paragraph 7 constitutes the entire agreement between BUDGET/SEARS and the Renter and driver regarding the terms and conditions of the insurance provided by BUDGET/SEARS to the Renter and driver and no alteration thereof shall be valid unless agreed to by BUDGET/SEARS, in writing. If any provisions of this paragraph shall be found to be unlawful, unenforceable, or contrary to public policy, then that portion of this paragraph which is unlawful, or unenforceable, or contrary to public policy shall be modified to provide the minimum amount of insurance coverage necessary to comply with the law or public policy, and the remainder of this paragraph shall remain in full force and effect.
On the front of the agreement, just above the Renter’s signature, the contract provided:
USE OF RENTED VEHICLE BY DRIVER OTHER THAN ONE SPECIFICALLY QUALIFIED AND IDENTIFIED ON THIS CONTRACT WILL CANCEL AND TERMINATE INSURANCE COV *886 ERAGE; AND IN THE EVENT OF DAMAGE TO RENTED VEHICLE, OTHER PERSONS, OR PROPERTY, THE RENTER WILL BECOME LIABLE TO BUDGET/SEARS RENT A CAR FOR ALL COST, EXPENSES, CLAIMS, LOSSES AND ATTORNEY’S FEES.
On appeal, plaintiffs contend that the trial court erred in dismissing Budget because Harris was a permissive user of the vehicle. Specifically, plaintiffs assert that coverage existed because Harris was operating the vehicle with the permission of the lessee and therefore, with the implied permission of the lessor. This contention is without merit.
Whether permission under the lease agreement exists which would override unambiguous prohibitory language in the contract and thus, allow insurance coverage, depends on the particular facts of each case. See Fontana v. Foster, 547 So.2d 1328, 1333-34 (La.App. 5th Cir.1989), citing 15 McKenzie & Johnson, Louisiana Civil Law Treatise Sec. 57, (1986).
In Jones v. Breaux, 289 So.2d 110 (La.1974), the lease agreement prohibited use of the vehicle by anyone not named in the agreement. At the time of the accident, the lessee was a passenger in the leased vehicle driven by one not named. Despite the prohibitory language of the lease agreement, the Court held that there was coverage for the lessee. The Court reasoned first, that the rental agreement improperly altered the terms of the insurance contract without being attached thereto; second, that the rental agreement was ambiguous because it inaccurately implied that the lessee would be covered without restriction (in fact, the lessor was the named insured in the policy); and third, that although the lessee was not driving the vehicle, he was a passenger and therefore was using the vehicle so as to invoke coverage under the omnibus clause of the policy.
Since Jones, this Court has decided similar cases based upon 1) whether or not the lessee was a passenger in the leased vehicle; and 2) whether the unauthorized operator of the vehicle was on a mission for or using the car for the lessee.
In Lauer v. Dickinson, 299 So.2d 525 (La. 4th Cir.1974), writ den. 302 So.2d 36 (La.1974), the rental contract prohibited operation of the leased vehicle by persons under twenty-one years of age. At the time of the accident, the vehicle was being driven by the lessee’s eighteen year old son. The lessee was not in the vehicle, and the son was operating the car for his own personal use. This Court held that there was no coverage because 1) the son did not have the permission of the insured/lessor; and 2) the son was not operating the car for the lessee’s use. Similarly, in Washington v. Dixie Leasing of New Orleans, Inc., 352 So.2d 363 (La.App. 4th Cir.1977), writ den. 354 So.2d 210 (La.1978), the lease prohibited use of the vehicle by anyone other than the renter who signed. At the time of the accident, the van was driven by an unauthorized third person. This Court held that there was no coverage because 1) the renter was not a passenger in the van; 2) the driver was not on a mission for the lessee; and 3) the driver did not have the permission of the insured/lessor.
On the other hand, this Court has found that coverage existed despite operation of the vehicle by an unauthorized driver where the lessee was a passenger in the vehicle and the driver was operating it for the use of the lessee, Grady v. Allstate Insurance Co. 355 So.2d 1070 (La.App. 4th Cir.1978), or where the lessee was using the vehicle through its employee/driver and the lessee was actually an insured along with the rental agency under the agency’s policy, Lunda v. Sauer, 389 So.2d 915 (La.App. 4th Cir.1980).
In Jones v. Breaux, supra, and the Fourth Circuit cases cited above, liability coverage on the vehicles was provided to the rental agencies by outside insurance companies. In each case, the court focused on whether the unauthorized driver had the permission of the lessor as the “insured” under the policy and was thereby covered under the policy’s omnibus clause. A second consideration was whether the driver was on a mission for or using the car for *887 the lessee, who did have the permission from the insured to use the car. If either or both of these factors were present, then liability coverage was found to exist.
In the instant case, however, the rental agency is self-insured. The lease agreement explicitly states that Paragraph 7 constitutes the entire agreement regarding the terms and conditions of the insurance provided therein. Unlike the cases cited above, the contract in the instant case does not contain an omnibus clause. To the contrary, the clear terms of the agreement expressly limit who is covered under the policy by prohibiting use of the vehicle by one not named in the contract. Thus, the omnibus-insured analysis is not applicable to this case.
We do consider, however, whether the lessee was using the car vicariously through Harris. Plaintiffs alleged in their petition that Harris was operating the car with the permission of the lessee and/or the lessor. There were no allegations that Harris was on a mission for the lessee or operating the car for the lessee’s use, and the record shows that the lessee was not a passenger in the vehicle. Moreover, as stated above, the prohibitory language of the rental agreement clearly evidences the absence of permission on the part of Budget, the lessor. Applying the jurisprudence cited above to the facts of this case, we conclude that there is no liability coverage.
Plaintiffs assert in this Court that Harris was an employee of Willis, and therefore, coverage existed under Jones, Lunda, and Lauer, supra. Plaintiffs’ argument might have some merit but for the fact that an employer-employee relationship was not pleaded until after the trial court granted the defendant’s motion for summary judgment. Only then did plaintiffs amend their petition to correctly state that Nathaniel Willis was the renter under the lease agreement and that Harris was employed by Willis. Because this Court is bound by the evidence that was in the record at the time the trial court ruled on the motion for summary judgment, Gulf South Bank & Trust Co. v. Marsh Buggies, Inc., 470 So.2d 257, 258 (La.App. 4th Cir.1985), citing Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981), plaintiffs’ argument fails. We note that the allegation of plaintiffs’ original petition, that Harris had the express and/or implied permission of the lessee and/or the lessor, was a conclusory allegation which did not constitute a plea of the material fact that Harris was an employee. See LSA-C.C.P. art 891. Cf. Shores v. Fidelity & Casualty Company of New York, 413 So.2d 315 (La.App. 3d Cir.1982) [Court held that plaintiff’s petition failed to state a cause of action where it contained no allegations of fact upon which an intentional tort could be based].
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of defendant, Budget Rent-A-Car.
AFFIRMED.