JIJONES, Judge.
Defendant, Dollar Operations d/b/a Dollar Rent-A-Car, seeks review of the trial court’s judgment denying its Motion for Summary Judgment. Plaintiff instituted the present suit seeking damages for injuries allegedly sustained in an automobile accident. On September 12,1997, the Motion for Summary Judgment came on for hearing and was denied.

FACTS

On May 23, 1994, Plaintiff, Joyeelyn Huntington, was injured in an automobile accident with a vehicle driven by Laura Clark. The ear Laura Clark was driving was owned by Dollar. Dollar had rented the car to Jacquelyn S. Clark, Laura Clark’s mother.
On May 20, 1994, Jacquelyn Clark entered into a rental agreement with Dollar for the lease of a vehicle. In the agreement Jacquelyn Clark indicated that she would be the only driver of the car. The agreement also indicates that Jacquelyn Clark declined the loss damage waiver and the optional personal accident insurance and personal effects protection.
LThe agreement also includes a section set-off and labeled “WARNING.” The section is entitled “Notice” and it reads in pertinent part:
If you do the following, you will breach this agreement:
3. Allow anyone not authorized by this contract to drive the vehicle.
4. If you accept Loss Damage Waiver (“LDW’) and do any of the above, you will forfeit any and all rights under LDW and be responsible for all loss or damage up to the full value and loss of use of the vehicle, regardless of fault.
Jacquelyn Clark executed the notice by signing in the space provided. The section also contains a signature line for an additional driver; however, the line is void of any signature.
Another section of the agreement is entitled “What is a Breach of this Agreement.” This section provides the following definition of “breach” in pertinent part:
You will breach this agreement by doing any of the following:
3. You cannot let anyone use the vehicle without our written permission.
The only authorized drivers are those listed on this rental agreement. They must be validly licensed and at least 21 years of age.
By signing the agreement, more particularly the section labeled ‘Warning,” Jacquelyn Clark consented to the terms of the agreement.
Dollar filed a Motion for Summary Judgment arguing that Jacquelyn Clark breached the rental agreement by allowing Laura Clark, an unauthorized driver, to drive the car. Dollar further argued that Jacquelyn Clark’s breach of the agreement voids any coverage which might have been provided or imposed.

DISCUSSION

^Summary judgments are reviewed de novo by appellate courts using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Hall v. Equitable Shipyard, Inc., 95-1754 (La.App. 4 Cir. 2/29/96), 670 So.2d 543, 545; Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). Under the Louisiana Code of Civil Procedure a summary judgment should be granted when “the pleadings, depositions, answers to interrogatories, and admissions on *391 file, together with the affidavits, if any, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B).
In 1996, the Louisiana Legislature enacted amendments to Louisiana Code of Civil Procedure Article 966. The amendment provides that summary judgment shall be granted when it is shown that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. 966(C). Additionally, once the moving party presents a prima facie ease that no genuine issues of material fact exist, the burden shifts and the party opposing the motion “must make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” LSA-C.C.P. 966(C). “[T]he non-moving party is no longer allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment.” Oakley v. Thebautt, 96-0937 (La.App. 4 Cir. 11/13/96); 684 So.2d 488, 490.
This Court in Oakley held that the amendment changed the law to the extent that summary judgments are favored. In interpreting the amendment, the court determined that:
[t]he language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation.
UFinally, because the amended rules are to be applied liberally, it is incumbent upon the courts to change their attitudes from the pre-amendment jurisprudence which held that summary judgments were not favored and should be strictly construed. Oakley, 684 So.2d at 490.
In 1997 the legislature by 1997 La. Acts 483, Section 1, further amended Louisiana Code of Civil Procedure Article 966, adding subparagraph C(2) which provides:
The Burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The preamble to Act 483 indicates that the purpose of paragraph C is “to establish and allocate the burden of proof.” The act further states, “[t]he purpose of Sections 1 and 3 of this Act is to clarify Acts 1996, No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691.” 1997 La. Acts 483.
Dollar argues that the controlling case in this matter is Hearty v. Harris, 574 So.2d 1234 (La.1991). We agree.
Hearty upheld the exclusion of specific drivers in automobile liability policies and found that by restricting liability coverage to certain named drivers, rental car agencies were merely protecting their interest as property owners. Id. at 1242. More importantly, Hearty’s interpretation of the Louisiana Motor Vehicle |BSafety Responsibility Law[1], specifically, LSA-R.S. 32:1041[2] sets forth the idea that, “a rental [car] agency *392 should not be financially responsible for the negligent operation of its vehicle in violation of the express terms of the lease agreement.” Id.
Jacquelyn Clark argues that Jones v. Breaux, 289 So.2d 110 (La.1974), is controlling. Jones held that the omnibus clause covered an unauthorized driver because she had the lessee’s permission to drive the car. However, Hearty questioned the applicability of Jones, noting the statutory changes in the law. Additionally, the court in deciding Hearty expressed its reluctance to disregard unambiguous restrictive language in rental contracts absent any contrary statutory regulations. Hearty, 574 So.2d at 1237. Applying Hearty to the case at hand it is clear that the restrictive language as to the authorized driver was unambiguous.
Jacquelyn Clark also argues that the rental agreement did not clearly identify and define “authorized driver.” Appropriately labeled, the signature line for an additional authorized driver is located directly below the line where Jacquelyn Clark signed. The additional driver signature line is blank. Clearly, Laura Clark, the unauthorized driver, did not have Dollar’s permission to drive the automobile. Laura Clark was not listed as an additional driver. More important is the |6attestation contained within the section that Jacquelyn Clark signed as renter of the car. The clause acknowledges that as the renter of the ear, “I have read and agree to the terms on both sides of the agreement.”
Jacquelyn Clark’s argument that the agreement was not definitive relative to an “authorized driver” is without merit. By signing the agreement Jacquelyn Clark is held to have read the rental agreement. Consequently, her signature is evidence of her willingness to comply with the terms of the rental.
Accordingly, Dollar’s writ application is granted and the trial court’s ruling is reversed. Dollar’s Motion for Summary Judgment is granted.

WRIT APPLICATION GRANTED.

. LSA-R.S. 32:851-32:1043. The Louisiana Motor Vehicle Safety Responsibility Law includes the Compulsory Motor Vehicle Liability Security Act, as well as the state’s financial responsibility laws.

. LSA-R.S. 32:1041 provides in pertinent part:
Any person, firm, association or corporation licensed and engaged in the business of renting or leasing motor vehicles to be operated on the public highways shall only be required to furnish proof of financial ability to satisfy any judgment or judgments rendered against said person, firm, association or corporation in his capacity as owner of the said motor vehicles, and shall not be required to furnish proof of its financial ability to satisfy any judgment or judgments rendered against the person to whom the motor vehicle was rented or leased at the time of the accident.