377 So.2d 572 (1979)
SONNIER OLDSMOBILE, INC., Plaintiff,
v.
SOUTHEASTERN FIDELITY INSURANCE COMPANY et al., Defendants.
No. 7226.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*573 Guillory, McGee & Mayeux, A. Frank McGee, Eunice, for plaintiff-appellee-appellant.
Young & Burson, M. Terrance Hoychick, Eunice, for defendant-appellant-appellee.
Dubuisson, Brinkhaus & Dauzat, Opelousas (Jimmy L. Dauzat, Opelousas, of counsel), Devillier & Ardoin, Hank Seldon Hannah, Eunice, E. Gregory Voorhies, Voorhies and Labbe, Lafayette, for defendant-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
WATSON, Judge.
Plaintiff, Sonnier Oldsmobile, Inc., brought this suit to recover for property damage to a 1975 Cutlass Oldsmobile which had been loaned to defendant, Ronald Keith Christ. Other defendants are Christ's insurer, Southeastern Fidelity Insurance Company; Melinda Droddy Babineaux, who was driving the Cutlass when it was damaged; and Melinda's insurer, Sentry Insurance Company.
The trial court gave judgment in favor of plaintiff against Christ for $2,854.07 and gave Christ judgment on his third party demand against Ms. Babineaux for the same amount. No coverage was found on the part of the two insurance companies and the demands against them were dismissed, as well as plaintiff's suit against Melinda Babineaux. Sonnier Oldsmobile, Melinda Babineaux and Ronald Christ have all appealed.
It was stipulated that the Cutlass had been involved in two previous accidents and that its value was $3,550 ($4,200 less salvage of $650) subject to any reduction the court might find appropriate because of the prior accidents. The trial court apparently discounted the automobile $695.93 because of the other accidents, which involved total damages of approximately $1,000, to arrive at the value of $2,854.07. In view of the testimony that the automobile was not in good condition, there is no abuse of discretion in the amount awarded.
Ronald Christ borrowed the 1975 Cutlass from Sonnier as a substitute for his own automobile, which was being repaired. A depositary such as Christ "... is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." LSA-C.C. art. 2937. The deposit here was not compensated and was for the mutual benefit of the parties, allowing Christ to have the use of a car and aiding Sonnier in its business of selling and repairing automobiles. When there is damage to the deposit, there is a presumption of fault on the part of the depositary. However, Christ had implied permission to loan the automobile, since no restrictions were placed on his use. LSA-C.C. art. 2940.[1] The evidence is that Christ loaned the automobile to his brother Darryl who in turn let *574 Melinda use it. The car was damaged while in Melinda's care because she fell asleep at the wheel. Christ rebutted the presumption that the car was damaged by his fault. Since there was no fault on Christ's part, the trial court erred in casting him in judgment.
It is clear from Christ's testimony that he only owned one automobile, the 1976 Oldsmobile Cutlass insured by Southeastern. The 1975 Cutlass was, under the Southeastern policy, a "Temporary Substitute Automobile", being "... temporarily used as a substitute for the described automobile when withdrawn from normal use because of its . . . repair, . . ." (TR. 21). The policy, however, excludes collision coverage for temporary substitute automobiles.
Even if Melinda Babineaux were regarded as an insured under the Southeastern policy because her use was with Ronald Christ's permission, the policy excludes property damage liability coverage for property "... in charge of the insured. . ." (TR. 27). Granting that she was an insured, the car was certainly in her charge when the damage occurred. See Middlesex Mutual Fire Ins. Co. v. Ballard, 148 So.2d 865 (La.App. 1 Cir. 1963).
There was an objection to any testimony about Melinda Babineaux's negligence as being beyond the pleadings and the trial court decided Sonnier could not recover against Melinda Babineaux because of its failure to allege her negligence. Sonnier's petition did allege that the automobile was involved in an accident while being used by Melinda Babineaux and that Sentry's policy covered the damage, which is sufficient. Her Sentry policy under the caption "Cars We Insure" provides coverage for the two automobiles listed on the declarations page; any non-owned substitute car; and states: "We insure other cars you use with the permission of the owner." (TR. 45).
The more serious issue presented by the appeal involves coverage under Melinda Babineaux's policy with Sentry.
The evidence establishes that Ronald Christ attended the graduation party of his brother Darryl, where the two exchanged cars. While the car was in the possession of Darryl, Melinda Droddy Babineaux suggested that she drive the automobile because, according to her testimony, it was Darryl's graduation and all his friends were younger than she was. The group was traveling in several vehicles. They first attended a Eunice gathering at the home of Darryl Christ's aunt and uncle and then went to a banquet room in Lafayette. Melinda drove the Cutlass in question from the home of the aunt and uncle to the banquet room in Lafayette and then back to Eunice after the banquet. Darryl was present as a passenger. After the group returned to Eunice, Melinda announced that she was going home. Darryl did not accompany her. Darryl and the other two who had been riding with her told Melinda to go ahead, and they would ride with her brother. Melinda fell asleep at the wheel about 5 a. m. and drove the car into a ditch. She pleaded guilty to a charge of D.W.I. Her testimony was that she had consumed seven beers between 7 p. m. and 5 a. m., the last one about 3 a. m.
Sentry contends that coverage is excluded under its policy because the automobile was being used in Sonnier's repair business. The language of the exclusion is as follows: "We don't insure any car used in the business of selling, repairing, servicing, storing or parking motor vehicles." (TR. 56). Although the language of Sentry's "plain talk" policy differs from that in the standard repair shop exclusion, the Cutlass here was obviously not being used in the car business at the time of the accident but was being used on a personal mission by Ms. Babineaux. Therefore, the exclusion of any car used in the motor vehicle business does not apply. McConnell v. Travelers Indemnity Company, 248 La. 509, 180 So.2d 406 (1965).
Sentry also contends that there is no coverage under its policy because its insured, Melinda Babineaux, was not using the Cutlass "... with the permission of the *575 owner." (TR. 45). Sentry relies on American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970), which dealt with an "omnibus" clause extending coverage to persons using the insured automobile with the permission or consent of the named insured and also dealt with the question presented here, coverage of a named insured while using another automobile with the consent of the owner of the other vehicle. The Supreme Court in Czarniecki found no coverage under either State Farm's omnibus clause or Aetna's clause covering use of non-owned vehicles on the basis of lack of permission. However, the language of the Aetna provision in Czarniecki was substantially different from that here. The Aetna policy required that the use of the non-owned automobile be "... with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission. . . ." 230 So.2d 253. The Supreme Court concluded that there was nothing in the record to establish that Charlie Czarniecki had implied permission of the owner or could have reasonably believed that he was driving with the permission of the owner. The harsh result of finding lack of permission is that neither the insurer of the car nor the insurer of the driver covers any resulting damage. See the dissent in Washington v. Dixie Leas. of New Orleans, Inc., 352 So.2d 363 (La.App. 4 Cir. 1977), writ denied, 354 So.2d 210.
The Louisiana Supreme Court considered the question of implied permission in Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293 (La., 1976). In Hughes two men exchanged automobiles. One of the two, "the first permittee", subsequently allowed a friend, "the second permittee", to chauffeur him in the borrowed car. The Supreme Court decided that the use by the second permittee was with the permission of the owner and covered by the owner's insurance policy. The Hughes decision turned on four factors: (1) the public policy favoring coverage; (2) the two men habitually exchanged cars; (3) the first permittee's unrestricted right of use made it foreseeable that he might allow someone else to drive; and (4) the first permittee was present in the car when the second permittee wrecked it. A later opinion, Morgan v. Matlack, Inc., 342 So.2d 167 (La., 1977) holds that whether the first permission to use a car constitutes a delegation of authority to lend it to another is a question of fact. The trial court here did not rule on this factual issue.
Ronald Keith Christ had unrestricted permission to use the substitute Cutlass as he would his own and it was certainly foreseeable that he might allow his brother, Darryl, to drive the car. No restrictions were placed by Ronald on Darryl's use and it was also foreseeable that others in the party might wind up driving the vehicle. Melinda had implied permission to drive the car. Darryl was present while she drove and certainly consented to her operation. Melinda frankly admitted that she did not ask permission to drive, but undertook the task while the other members of the party were enjoying the graduation festivities. While Melinda was alone when she subsequently ran into the ditch, it cannot be said that it was imprudent of her to decide to go home at that hour. It is difficult to believe that Ronald Christ would have denied her use of the automobile for that purpose. There is no testimony that Melinda was obviously intoxicated or in such condition that a reasonable person would not have entrusted the automobile to her.
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it dismissed plaintiff's suit against Southeastern Fidelity Insurance Company. The trial court is reversed insofar as it awarded judgment in favor of plaintiff, Sonnier Oldsmobile, Inc., against Ronald Keith Christ in the sum of $2,854.07 and judgment in favor of Christ for the same amount on his third party demand against Melinda Babineaux. The judgment of the trial court is also reversed insofar as it denied judgment in favor of plaintiff, Sonnier Oldsmobile, Inc., against defendants, Melinda Droddy Babineaux and Sentry Insurance Company.
*576 IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, Sonnier Oldsmobile, Inc., and against defendants, Melinda Droddy Babineaux and Sentry Insurance Company, jointly and in solido, in the sum of $2,854.07, together with legal interest from date of judicial demand until paid. All costs of trial and appeal are taxed against Melinda Droddy Babineaux and Sentry Insurance Company.
AFFIRMED IN PART; REVERSED IN PART; and RENDERED.
NOTES
[1] LSA-C.C. art. 2940:

"The depositary can not make use of the thing deposited, without the express or implied permission of the depositor."