CULPEPPER, Judge.
Plaintiff, Melvin Henderson, brings this action to recover property damages to his 1977 Chevrolet pickup truck. At the time of the accident, the truck was being driven *774 by Dewey Williams, with plaintiff’s permission. It is alleged that while Williams was driving north on Louisiana Highway 71 in Alexandria, he lost control of the truck, crossed the center line and struck an oncoming vehicle in the southbound lane.
Plaintiff filed the present suit against the driver Williams and S & H Insurance Company, the liability insurer of plaintiff’s truck. S & H moved for summary judgment based on an exclusionary provision of the policy which, it contends, denies coverage under the facts involved. The trial court sustained S & H’s motion. Plaintiff appeals. We affirm.
The decisive issue is whether plaintiff is entitled to recover property damages to his truck under the S & H policy, which provides liability coverage but not collision coverage.
The exclusion on which S & H relies reads as follows:
“This policy does not apply:
* s|c s): sf: s(c
“(f) Under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy;”
Based on this provision, S & H argues that the policy specifically does not cover injury to any property, including any vehicle, owned, transported, rented to or in charge of the insured, except a residence or garage injured by a private automobile covered by the policy. S & H contends that plaintiff’s damage would have been covered by collision insurance, but that plaintiff chose not to purchase and pay for such coverage.
In response to this contention, plaintiff asserts that the abovementioned exclusion is ambiguous in that it fails to specifically exclude coverage for property damage to the insured’s vehicle, but refers only to the general term “property”. This ambiguity, according to plaintiff, should be resolved in favor of the policyholder and against the insurer.
Both parties cite Middlesex Mutual Fire Insurance Company v. Ballard, 148 So.2d 854 (La.App. 1st Cir. 1963) and Sonnier Oldsmobile v. Southeastern Fidelity, 377 So.2d 572 (La.App. 3rd Cir. 1979), which involved interpretation of similar exclusionary clauses. In Middlesex, supra, the plaintiff argued, as in the present case, that the word “property” in the exclusionary clause referred to objects other than the insured’s automobile. The court, in rejecting this argument stated:
“We are of the opinion that this exclusion is placed in the policy under the liability coverage specifically to prevent and exclude any coverage where there is injury to or destruction of any property owned or transported by the insured or any property rented to or in charge of the insured other than a residence or private garage. This exclusion refers to all property “such as an automobile owned by the insured or an automobile transported by the insured or an automobile rented to the insured or an automobile in charge of the insured. The word property we believe is intended to be all inclusive other than to a residence or private garage as specifically stated in the exclusion. If an insured desires coverage on his own automobile or such other property as may be transported, rented, or in his charge at the time of damage thereto, as a result of a collision he must pay for collision insurance.” (emphasis supplied)
Likewise in Sonnier, supra, this Court held there could be no coverage under a similar policy where the property damaged was an automobile “in charge of the insured.”
We think the rationale in these cases is sound. To adopt the interpretation put forth by plaintiff would be in effect to give collision coverage where only liability coverage was intended.
Plaintiff seeks to distinguish these two cases from the present one by noting that the exclusion in the S & H policy contains the additional words “injured or destroyed by a private passenger automobile covered *775 by this policy.” Plaintiff argues that, due to this additional language, the exclusion can be reasonably interpreted to mean that payment for property owned, transported, etc. by the insured is excluded only if such property was injured or destroyed by a private passenger automobile covered by the policy. This argument has no merit. We think this final clause modifies only the words “residence or private garage” and has no bearing on the remainder of the provision which clearly excludes coverage for property damage to plaintiff’s vehicle.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.