WARD, Judge.
On March 2, 1989, Gallagher Transfer and Storage Company, Inc. filed suit against Sherry Wilson and her liability insurance carrier, Automotive Casualty Insurance Company, for a claim that arose from an automobile accident which occurred on October 10, 1988. Automotive Casualty Insurance Company filed a Motion for Summary Judgment to which the plaintiff filed an opposition. Thereafter the trial court granted defendants’ Motion for Summary Judgment and the plaintiff has appealed.
This claim arises out of an automobile accident which occurred on October 10, 1988, when an automobile owned by Gallagher Transfer and Storage Company, Inc. and driven by Sherry Wilson struck a parked automobile located at the intersection of Canal Boulevard and Porteous Streets. The 1982 BMW which Wilson was driving was rendered a total loss. Gallagher alleged that Wilson was driving in a negligent manner and that Automotive Casualty Insurance Company, as her liability insurer, is responsible to Gallagher for damages to the vehicle.
A.C.I.C. supported its motion with an affidavit by its claims manager which said:
... attached is a copy of Sherry Wilson's insurance policy showing that Sherry Wilson only purchased liability coverage
The policy was not attached.
Gallagher opposed summary judgment by submitting an affidavit by Robert S. Maloney, Jr. to show that while Sherry Wilson was driving his company car:
... Sherry Wilson began to drive the automobile in an erratic, careless and reckless fashion at which time he attempted to stop her from driving the automobile in order to allow him to commence operation of the vehicle.
Gallagher contends the Trial Court erred by rendering summary judgment because a material issue of fact existed as to whether A.C.I.C. provided coverage under its liability policy. The critical part of the policy provides that there is not coverage *1126 when the claim is for property damage when
12. The property damage is to property owned by you, rented to you, in your charge or being transported by you at the time of the accident.
Gallagher makes a definitional argument as to the meaning of “in your charge”, claiming it is ambiguous when compared with the usual words “care, custody or control”. And because of ambiguity, Gallagher claims a genuine issue of fact exists as to whether there is coverage. We reject this argument. As used in the context of paragraph 12 above, there is no ambiguity. A common sense reading of paragraph 12 would indicate charge means “care, custody, or control”, and in this case, driving a vehicle.
Gallagher also contends there is an issue of fact as to whether Wilson had “charge” of the vehicle. Although Gallagher alleges in its petition that while operating the 1982 BMW Wilson struck a parked car, Gallagher, at least inferentially here and specifically in its trial memorandum, argues the affidavit of Maloney refutes A.C.I.C.’s claim that Wilson was in charge of the vehicle. Not only is this inconsistent with the allegations of the petition, it is not supported by a fair reading of the pertinent part of Maloney’s affidavit, quoted above, and we likewise reject this argument.
Gallagher also contends the Trial Court erred by rendering summary judgment because the record does not contain the A.C.I.C.’s policy. From the record it does not appear the issue was argued in the Trial Court; only the issue decided above was discussed in trial memorandum of both counsel. While the record does not contain the policy, both Gallagher and A.C. I.C. briefed in their trial memorandum the issue of insurance coverage and the meaning of the phrase “in your charge” found in paragraph 12. As a matter of fact, the Gallagher memorandum acknowledges the existence of the policy and quotes in full paragraph 12. Additionally, A.C.I.C.’s trial memorandum after referring to the policy says “a copy of which is enclosed.” Because different counsel now represents A.C.I.C. it is impossible to determine whether a copy was in fact enclosed. A copy of the policy was incorporated in the brief of A.C.I.C., and there is no question of its authenticity. If the omission of the policy from the record was the fault of the Clerk of Court charged with preparing the appeal we undoubtedly have the authority to order the record supplemental by inclusion of the policy. La.C.C.P. art. 2132. If the omission was an inadvertant error of counsel, we undoubtedly have authority to remand to the trial court for the taking of additional evidence to serve the ends and the interest of justice. La.C.C.P. art. 2164. Heymann v. Lewis, 414 So.2d 787 (La.App. 3rd Cir.1979).
Either course of action would be a vain and useless procedure, because the Trial Court has already examined the policy, particularly paragraph 12 which was quoted in the reasons for judgment, and this Court now has the policy to consider in this appeal. Under the circumstances of this case, in this limited situation, we consider La.C.C.P. art. 2164 as ample authority to make the insurance policy part of the record that we have considered in this appeal.
In sum, there is no material issue of fact and the defendant is entitled to summary judgment as a matter of law.
AFFIRMED.