JAMES C. GULOTTA, Judge Pro Tempore.
This case arises from an automobile accident involving a rental car. We reverse the trial court’s finding of liability on the part of the automobile rental agency.
On June 6, 1987 a collision occurred between Melvin J. Winnins and Wallace E. McGill. Winnins had rear-ended McGill’s vehicle while driving a Budget rental car. The rental car’s lessee was Venessa Ether-idge. Winnins was not listed as an additional driver or an insured under the terms of the rental agreement. McGill filed suit for damages sustained in this collision. Named as defendants were Winnins, Ether-idge, Budget, and Champion Insurance Company under the underinsured/unin-sured provision of McGill’s policy. Champion intervened for property damage paid to McGill. The Louisiana Insurance Guaranty Association was later added as a party to this lawsuit when Champion was declared insolvent.
Winnins was found 100% at fault. The trial court rendered judgment against Budget Rent-A-Car of New Orleans, Inc., Melvin Winnins and Venessa Etheridge in favor of Wallace McGill and Champion Insurance Company in intervention. Only Budget has appealed, alleging that the trial court erred in ruling that the Budget rental contract provided for liability coverage to Winnins when he was not a designated driver under the rental contract.
The trial court apparently based its decision on a line of cases which hold provisions in rental agreements which prohibit operation of a rental vehicle by unauthorized drivers unenforceable where the unauthorized driver had the lessee’s implied or express permission to operate the vehicle. Jones v. Breaux, 289 So.2d 110 (La.1974); Grady v. Allstate Ins. Co., 355 So.2d 1070 (La.App. 4th Cir.1978); Lunda v. Sauer, 389 So.2d 915 (La.App. 4th Cir. 1980). However, recently the Louisiana Supreme Court in Hearty v. Harris, 574 So.2d 1234 (La.1991), has held the restrictive language in automobile rental contracts enforceable:
*897 Absent statutory regulations to the contrary, there would appear to be no basis for the lower courts’ disregard of the unambiguous restrictive language in the rental contracts. Hearty, supra, at page 1237.
The facts in the Hearty case, are almost identical to those in the instant case. In Hearty, Nathaniel Willis rented an automobile from Budget-Rent-A-Car, signing a lease identical in pertinent aspects to the one signed by Vanessa Etheridge. The contract in Hearty provided as follows:
USE OF RENTED VEHICLE BY DRIVER OTHER THAT ONE SPECIFICALLY QUALIFIED AND IDENTIFIED ON THIS CONTRACT WILL CANCEL AND TERMINATE INSURANCE COVERAGE, AND IN THE EVENT OF DAMAGE TO RENTED VEHICLE, OTHER PERSONS OR PROPERTY, THE RENTER WILL BECOME LIABLE TO BUDGET/SEARS RENT-A-CAR FOR ALL COST, EXPENSES, CLAIMS, LOSSES AND ATTORNEY’S FEES.
The rental vehicle was involved in an accident. At the time of the accident Rus-slane Harris was the driver and sole occupant of the automobile. Suit was filed against Harris, the driver as well as against the lessee of the vehicle, and Budget. The plaintiffs (in Hearty) asserted that Budget was liable because Harris was operating the car with the permission of the lessee. The trial court ruled in favor of Budget on its motion for summary judgment. This court affirmed the trial court’s decision in Hearty.
On writs the Louisiana Supreme Court in Hearty upheld the unambiguous contractual provision in Budget’s rental agreement which terminates insurance coverage when the vehicle is operated by one other than the renter or additional driver named on the agreement.
The rental contract provided by Budget in the instant case as in Hearty unambiguously terminates liability insurance coverage to any driver of a Budget automobile not named as a lessee within the contract. It is undisputed fact that Winnins was not a lessee under Budget’s contract with Eth-eridge. Bound by the Supreme Court’s holding in Hearty, we reverse and set aside that part of the trial court’s judgment finding liability on the part of Budget Rent A Car of New Orleans, Inc.
REVERSED IN PART.