614 So.2d 238 (1993)
Donald J. VEILLON, Plaintiff-Appellant,
v.
Nicholas URBAN, IV, et al., Defendant-Appellee.
No. 91-1378.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Salter, Streete & Hale, Steven W. Hale, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Lake Charles, for defendant-appellee, Urban.
Tynes, Fraser, Morris & Wheeler, Maurice L. Tynes, Lake Charles, for defendant-appellee, Chrysler Credit.
Plauche, Smith & Nieset, A.R. Johnson, IV, Lake Charles, for Intervenor, Travelers Ins.
Before LABORDE, THIBODEAUX and YELVERTON, JJ.
*239 LABORDE, Judge.
In this case, plaintiff-appellant, Donald J. Veillon, appeals the trial court's granting of a motion for summary judgment thereby dismissing defendant-appellee, Allstate Insurance Company, from this suit. Finding no error on the part of the trial court, we affirm.

FACTS
Steve Olsen, hereinafter Olsen, rented a Chrysler LeBaron from Dollar Rent-A-Car, hereinafter Dollar, in Leesville, Louisiana. He then allowed defendant, Nicholas Urban, IV, hereinafter Urban, to drive the car to Lake Charles, Louisiana for the weekend. Urban was involved in a collision with a vehicle owned and operated by plaintiff, Donald J. Veillon, hereinafter Veillon, on August 4, 1989.
The rental agreement between Dollar and Olsen specifically prohibited anyone other than Olsen from driving the car unless an additional driver was listed on the contract. The only way another person could drive the car was if Dollar gave its written permission. Urban was not listed as an additional driver nor did he have Dollar's written permission to operate the vehicle leased to Olsen.
At the time of the accident, Allstate Insurance Company had an insurance policy in effect which was issued to Chrysler Credit Corporation who owned and operated Dollar. Dollar therefore was an insured under the policy as to all cars it held for rental purposes. The policy provided liability coverage on vehicles which were a part of the Chrysler Credit Corporation Dollar-Rent-A-Car program.
The Allstate policy provided:
SECTION IILIABILITY COVERAGE
A. COVERAGE
We will pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and arising from the ownership, maintenance or use of the `auto' ...
1. WHO IS INSURED
The following are `insureds':
a. You for any covered `auto'.
b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except ... (listed exceptions).
Veillon sued for damages naming as defendants Urban, Allstate, Dollar and Chrysler. Veillon asserted Urban was an "omnibus insured" under Allstate's policy, and thus, Allstate provided liability coverage in this case. The defendants maintained that Urban did not meet the definition of an "insured" as defined by this policy since only Olsen signed as driver of the vehicle and Dollar did not give Urban written permission to operate the vehicle. Allstate filed a motion for summary judgement.
On July 10, 1991, the trial court found that Allstate did not provide liability insurance coverage under the facts of this case and granted summary judgment dismissing Allstate from the suit. Plaintiff appeals the trial court's granting of the summary judgment.

LAW
The plaintiff asserts the trial court erred in granting Allstate's motion for summary judgment. Plaintiff's argument may be summarized as follows: Allstate provided liability coverage to Chrysler Credit Corporation and the 1989 Chrysler LeBaron involved in this accident was used with Chrysler's permission by Dollar who was an omnibus insured under the policy. The written rental agreement granted permission to Olsen to use the vehicle, therefore, Urban should be considered an "insured" under the language of the policy since he was using the vehicle with the permission of Olsen, the lessee.
It is well settled that a motion for summary judgment should be granted if and only if, the pleadings, depositions, and answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable *240 minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill, supra; Thebner v. Xerox, 480 So.2d 454 (La.App. 3d Cir.1985), writ denied, 484 So.2d 139 (La.1986). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill, supra.
An omnibus clause extends coverage to persons who use the insured vehicle with the insured's express or implied permission. Such a clause is mandated by La.R.S. 32:900(B)(2). In Urban's deposition, he stated that Olsen gave him permission to operate the rental car. Plaintiff maintains that since Urban had Olsen's permission to drive the car, he is within the omnibus clause's language in Allstate's policy, "Anyone else while using with your permission a covered `auto' ...". Plaintiff incorrectly interprets the meaning of the omnibus clause in Dollar's insurance policy with Allstate. "... Your permission" refers to Dollar, not Olsen, as Dollar is the insured. Urban did not have Dollar's permission to operate the vehicle, and therefore, is not covered under this omnibus clause.
Plaintiff further argues that even if Urban did not have the permission to operate the vehicle from the car lessor, Dollar, Urban is still covered under Dollar's policy with Allstate for public policy reasons. The Louisiana Supreme Court case of Hearty v. Harris, 574 So.2d 1234 (La.1991) is dispositive of the issues in this case. Hearty v. Harris, supra, involved a Budget Car Rental agreement that terminated insurance coverage when the vehicle was operated by someone other than the renter or additional driver named on the agreement. Budget was self-insured. Plaintiff sought to assess liability for damages arising from an accident with a driver not named in the Budget agreement. The Louisiana Supreme Court held that the provision in the rental agreement, stating the use of the rented vehicle by a driver other than one specified in the contract would cancel and terminate liability insurance coverage, was not against Louisiana law or public policy. In its discussion of public policy the court stated at page 1242:
Louisiana courts have consistently held exclusions of specific drivers in "automobile liability policies" are permitted and are not against public policy. Smith v. Western Preferred Casualty Co., 424 So.2d 375 (La.App. 2nd Cir.1982), writ denied, 427 So.2d 1212 (La.1983); Hudson v. Thompson, 422 So.2d 640 (La.App. 3rd Cir.1982); Washington v. Dixie Leasing of New Orleans, Inc., 352 So.2d 363 (La.App. 4th Cir.1977), writ denied, 354 So.2d 210 (La.1978). Although we acknowledge that "automobile liability policies" are issued primarily for the protection of the public rather than the insured, it is not the public policy of this state to protect and provide compensation to injured persons at all times.
Consequently, we believe it is not against public policy for an automobile rental agency to restrict liability coverage to certain named drivers. The agency has an interest in protecting its property and the right, as the owner of the vehicle, to impose restrictions on the operation and use of the vehicle. This comports with the freedom to contract23 and the constitutional protection against the impairment of contracts.24

V. Statutory Exception for Owners Engaged in the Business of Renting Motor Vehicles
In addition to the above reasons, we note an additional justification for our conclusion that Budget should not be held liable in the instant case. In enacting the LMVSRL the legislature, apparently recognizing the unique nature of rental car agencies, specifically stated in La.R.S. 32:1041
that vehicle owners "engaged in the business of renting or leasing motor vehicles" are not required to furnish proof of financial responsibility to satisfy any judgment entered against their lessees.25 This statute makes it clear that the legislature *241 did not intend rental agencies to bear the financial responsibility for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease. A fortiori, a rental agency, such as Budget in the instant case, should not be financially responsible for the negligent operation of its vehicle in violation of the express terms of the lease agreement.
While Hearty, supra, differs from the present case in that Budget was self insured, we find it to be controlling. It is not against public policy for Dollar to restrict liability coverage to only those authorized drivers named in the rental agreement. Urban was not named in the rental agreement as an authorized driver nor did Dollar give him written permission to drive the rental vehicle. The reverse side of the Dollar rental agreement states: "You (Olsen) cannot let anyone use the vehicle without our (Dollar) written permission. The only authorized drivers are those listed on the other side ...". Olsen was the only listed authorized driver.
Plaintiff also argues Dollar's rental agreement was not "physically made a part of" Allstate's liability policy nor "incorporated in the policy" and there was no specific reference to another policy by Dollar so Dollar's rental contract was in violation of La.R.S. 22:628. The pertinent language of La.R.S. 22:628 is as follows:
§ 628. Must contain entire contract with exceptions
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contracts as provided in Part XV of this Chapter.
The provisions of this Section shall apply where a policy or other written evidence of insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter.
Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, postage prepaid, at such holder's last known address as shown on such policy or evidence of insurance or is personally delivered to such holder.
The trial court found that La.R.S. 22:628 was inapplicable for the following reasons: "Based on this court's interpretation of La. R.S. 22:628 ... this court opines that the insurance contract provides for coverage only in the event that permission is granted. The rental agreement granted permission only to Olsen, and denied it to everyone else. This rental agreement did not constitute an agreement `in conflict with, modifying or extending the coverage of any contract of insurance' but rather exercised a provision already in the contract of insurance. This, of course, is a reference to the omnibus clause and the granting or denial of permission contemplated by it. It is also important to note that there was no reference in the Allstate policy in the rental agreement, nor was the insurance contract attached to the rental agreement. However, since in the opinion of this court there was no modification of the insurance contract, the requirement of reference to or attachment to the rental agreement is of no moment." We agree with the holding of the trial court that Dollar's rental agreement with Olsen did not modify or extend the coverage nor was it in conflict with Allstate's policy, and thus, there was no violation of La.R.S. 22:628.
The provisions restricting coverage in the Allstate policy and Dollar rental agreement are unambiguous and should be enforced. *242 For the forgoing reasons plaintiff's assignment of error is without merit.

DECREE
The judgment of the lower court is affirmed. All costs of this appeal are assessed against the plaintiff, Donald J. Veillon.
AFFIRMED.