STOKER, Judge.
This is an appeal in an automobile accident case by ASWE Corporation d/b/a Easy Auto & Truck Rentals (Easy) from a summary judgment in favor of State Farm. The issue in this appeal is whether a State Farm liability policy issued to Ashley Carlin affords coverage for a rental car owned by Easy, rented by John Sawyer, and driven and wrecked by Carlin. Carlin’s policy does not include comprehensive or collision coverage.
The trial judge held that there was no liability coverage under State Farm’s policy for Easy’s car because, although it fit within the definition of a covered non-owned vehicle driven, with permission, by an insured, liability coverage was excluded by a provision which states:
“THERE IS NO COVERAGE:
* * * * * *
“3. FOR ANY DAMAGES:
* * * * * *
“b. TO PROPERTY OWNED BY, RENTED TO, IN CHARGE OF OR TRANSPORTED BY AN INSURED. But coverage applies to a rented residence or private garage damaged by a car we insure.”
The trial judge found that Carlin was in charge of the car at the time of the accident.
On appeal, Easy argues that the exclusion does not apply because the trial judge erred in finding that Carlin was in charge of the car at the time of the accident. Carlin was driving the car with the consent of the lessee, Sawyer, who was also present in the car. Sawyer had asked Carlin to drive because he was intoxicated. However, the rental agreement between Sawyer and Easy stipulated that no one other than Sawyer would drive the car and that persons under twenty-years of age were prohibited from driving the car. Carlin was nineteen years old at the time of the accident.
It is settled in the jurisprudence that the driver of a vehicle is in charge of the vehicle, for purposes of construing this type of liability policy exclusion. Gallagher Transfer and Storage Co., Inc. v. Wilson, 562 So.2d 1124 (La.App. 4th Cir. 1990); Henderson v. Williams, 399 So.2d 773 (La.App. 3d Cir.), writ denied, 401 So.2d 993 (La.1981); Sonnier Oldsmobile v. Southeastern Fidelity Ins. Co., 377 So.2d 572 (La.App. 3d Cir.1979); Middlesex Mut. Fire Ins. Co. v. Ballard, 148 So.2d 865 (La.App. 1st Cir.1963). Therefore, there is no coverage for Easy’s car under Carlin’s liability insurance policy.
However, assuming that Carlin was not in charge of the vehicle because she lacked Easy’s permission, as argued in this appeal by Easy, we would still find no coverage. If Carlin was driving the vehicle without the owner’s consent, then the vehicle would not be covered by Carlin’s liability policy at all because it would not be a covered non-owned vehicle. The policy states:
“Coverage for the Use of Other Cars The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.
[[Image here]]
“Non-Owned Car — means a car not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:
you, your spouse, or any relatives.
*174 The use has to be within the scope of consent of the owner or person in lawful possession of it.”
Since, under Easy’s argument, Carlin did not have Easy’s permission to drive the car and Sawyer did not have authority, under his rental contract, to allow Carlin to drive the car, then Carlin was not driving Easy’s car “within the scope of consent.” Therefore, it would not be a non-owned car covered by Carlin’s liability insurance.
CONCLUSION
Under either rationale, there is no coverage for Easy’s car under the State Farm liability policy issued to Ashley Carlin. The trial judge did not err in granting State Farm’s motion for summary judgment.
DISPOSITION
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.