| JAMES C. GULOTTA, Judge Pro Tern.
Defendant, Allstate Insurance Company, appeals the trial court’s judgment finding coverage under Allstate’s policy and awarding plaintiff policy limits. We affirm.

FACTS

The stipulated and uncontested facts are as follows:
Defendant Newton Moore rented an automobile from Alamo Rent A Car on October 10, 1990. Pursuant to the rental agreement, Moore, as the only designated driver, received liability insurance coverage of $10,000 per person and a total limit qf $20,000 per accident. At the time of the rental, Moore was an employee of the Illinois Institute of Technology, which had a policy of business auto insurance through Hartford Fire Insurance Company.
Defendant Jason Butler, a student at the Institute and a resident of New Orleans, was assisting Moore in the recruitment of students to attend the Institute. Consistent with that purpose, Butler was driving the rental car with the permission of Moore; however, Butler was not a party to the rental agreement between Moore and Alamo and was not listed as an authorized driver in the rental agreement. On October 10, 1990 while driving to pickup Moore at his hotel, Butler was involved in an automobile accident. The rental car driven by Butler rear-ended plaintiffs vehicle causing plaintiffs injury. At the time of the accident Butler was living with and was a resident of his parents’ home.
laAHstate had issued a personal automobile insurance policy to Butler’s parents providing liability coverage for injury in the amount of $10,000 per person and $20,000 per accident. According to the terms of Jason Butler’s parents’ Allstate policy, Jason was an insured driver and was driving a nonowned automobile. Under the Allstate policy terms a non-owned auto used by a resident relative of the named insured is covered if that resident relative has the “owner’s” permission to drive the non-owned automobile.[1]
*1190 The primary issue in this appeal is whether a liability insurer (Allstate) is liable for damages caused by its insured where the owner of a rented vehicle (Alamo) did not give the driver (the insured Butler) permission to drive the vehicle and where the renter (Moore) did not list Butler as an authorized, additional driver on the rental contract[2] but did give Butler permission to use the vehicle.
In seeking to support its position that no coverage exists under its policy, Allstate claims that under the terms of the Alamo rental agreement, Alamo (owner) did not authorize Butler to drive the automobile.[3] Accordingly, because Butler had no permission to drive a non-owned vehicle (under lüAllstate’s policy) no coverage of its insured, Butler, exists.
Allstate further points out that under the Alamo rental agreement Moore could have designated an additional driver and could have paid an additional charge if he wished to permit Butler to drive the rented automobile. Allstate argues since Moore did not avail himself of this provision in the rental agreement, then no additional renters were authorized to drive the vehicle.
Allstate further argues that because the Alamo vehicle was not an “insured auto” under the provisions of Allstate’s policy, (since the owner’s permission was not given) no coverage exists. Allstate relies on the following provision in then* policy:
Insured Autos
[[Image here]]
(4) A non-owned auto used by you or a resident relative with the owner’s permission. This auto must not be available or furnished for the regular use of an insured person.
We reject these contentions.
At the outset, it is clear that coverage exists or does not exist based on the policy provisions in the Allstate policy. But, Allstate is basing its contention on a reading together of the Allstate policy and the Alamo rental agreement. This claim is not between the plaintiff and Alamo, the rental agency. This suit is directed against the liability insurer of Butler. The contractual arrangements between Alamo and Moore have no import in a claim by plaintiff against Butler, the resident son of the named insured. No privity of contract exists between Simms and Alamo, Butler and Alamo or Moore and Simms.
Allstate’s argument may have merit were this a suit by the plaintiff directed against the rental agency. In that case, the issue of the rental agency’s | .¡permission or authorization to drive would be germane to coverage. However, this is a suit between the plaintiff and Allstate, Butler’s insurer. The question here is whether Moore, the renter of the vehicle, who had control and dominion over the automobile, gave his permission, express or implied, to Butler. In the instant case, Moore, in a suit against Allstate, but not against Alamo, stands in the place of the owner, Alamo. Defendants’ contentions seeking exoneration from liability are misdirected.
We conclude the trial judge properly found that Allstate’s liability coverage extends to the driver, Jason Butler. Our holding is consistent with the statutory scheme of the omnibus clause as provided in La. R.S. 32:900(B)(2).[4]
*1191 It is clear that the purpose of the clause in the Allstate policy which comports with the statute, is to protect the named insured and the public generally. It is designed to extend liability insurance coverage to persons, other than the insured, who have the insured’s permission to use the vehicle. Permission may be express or implied.[5] In the instant case if indeed no express permission was given, certainly implied permission was authorized.
In a time honored case of Parks v. Hall, 189 La. 849, 181 So. 191 (1938), and in subsequent consistent jurisprudence, the Louisiana Supreme Court has repeatedly construed the word “permission” in the omnibus clause in |5its broadest possible sense. “Permission” is given a wide and liberal meaning in determining coverage. See Norton v. Lewis, 623 So.2d 874, 875 (La.1993).
The two cases cited by Allstate are distinguishable from the instant matter. In ASWE Corp. v. Sawyer, 619 So.2d 172 (La. App. 3rd Cir.l993) the rental company brought suit against the driver’s automobile liability insurer to recover for damages to its rental car. The driver was not a party to the rental agreement and did not have the owner’s permission. The court found there was no coverage under the driver’s policy because of an exclusionary provision found in the policy. The court then added dicta which indicated there would be no- coverage because the driver’s policy required permission from the owner. It is important to note that in ASWE the court was concerned with a rental company trying to recoup damages to its vehicle, while in the instant matter plaintiff is seeking damages for injuries suffered by him and caused by the insured under a personal liability policy. In this part of the cause, unlike ASWE, the rental agency is neither a plaintiff nor a defendant. The rental agency is not involved in this appeal.
In the second case relied upon by Allstate, Veillon v. Urban, IV, 614 So.2d 238 (La.App. 3rd Cir.1993), the plaintiff sued the rental company and its automobile insurer. The rental agreement in that case specifically prohibited anyone other than the lessee from driving the rental car. The plaintiff was injured when someone other than the lessee was driving the car. In Veillon suit was directed against the rental company’s auto insurer based on the rental company not giving its permission. Again, in the instant matter the suit is not against the rental company and its insurer but rather the driver of the vehicle (Butler) and his insurer (Allstate).
IsAccordingly, we find no error in the trial court’s determination that liability coverage exists on the part of Allstate Insurance Company.
Turning now to other issues in the instant case, Allstate claims, alternatively, that if coverage is found to exist on its part, that coverage should be secondary to primary coverage provided by Hartford Fire Insurance. According to Allstate, Hartford is the liability insurer of Illinois Institute of Technology. Because Moore and Butler were working on behalf of the Institute at the time of the accident, Allstate claims that liability attaches to the Institute’s employees’ negligence and the damages caused by that negligence. Allstate points out that this is a business auto coverage policy covering employees and that Butler, at the time of the accident, was an employee of the Institute. Allstate further claims the Hartford policy provides that coverage is primary for any liability assumed under the policy where an employee rents or leases an auto in connection with the insured’s business.[6]
*1192 An examination of the Hartford policy clearly states that coverage is provided for the actions of the Institute’s employees. It was stipulated in the record that Moore was indeed an employee; however no stipulation was made that Butler was an employee of the institute, Hartford’s insured. It was stipulated that Butler was a student of the' Institute. Because no evidence appears in the record showing that indeed Butler was an employee, it is difficult |7to find that Hartford’s policy covering the Institute’s employees somehow covers Butler.
Under these circumstances, having concluded that Hartford’s policy is not applicable and the trial judge properly found coverage on the part of Allstate, we affirm the judgment of the trial court.

AFFIRMED.

BARRY, J., dissents with reasons.

. The Allstate automobile policy provides, in pertinent parts:
Insured Persons — (2) While using a non-owned auto: (a) you, (b) any resident relative using a four wheel private passenger auto or utility auto.
Insured Autos — (4) A non-owned auto used by you or a resident relative with the owner’s permission. This auto must not be available or furnished for the regular use of an insured person.

. Simms settled with all defendants, reserving his rights against Allstate.

. Allstate relies upon the following provision of Alamo's rental agreement which describes "authorized drivers” as: "Unless otherwise defined by state law, I am the authorized driver, and an additional driver is authorized only if I pay an additional charge and that person is a licensed driver over 21 years old. I am responsible for any losses or damages caused by any additional driver, where permitted.”

.LSA R.S. 32:900(B)(2) provides in pertinent parts:
Such owner's policy of liability insurance:
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or Dominion of Canada, subject to limits....

. See Mercadel v. Tran, 92-0798 (La.App. 4th Cir. 3/29/94), 635 So.2d 438; Williams v. Forbes, 94-640 (La.App. 5th Cir. 1/18/95), 650 So.2d 337.

. The Hartford Fire Insurance Company’s policy provides in pertinent part:
Business Auto Coverage Form — Commercial Auto
Section IV.B.5. Other Insurance ....(a) For any covered "auto" you don’t own, the insurance provided by this Coverage Form is excess over any other collectible insurance ... (b) Regardless of the provisions of paragraph a. above, this Coverage Form's Liability Coverage is primary for any liábility assumed under an "insured contract.”
Section V. Definitions ... (E) "Insured contract” means:.... 6.That part of any contract or agreement entered into, as part of your business, by you or any of your employees pertaining to the rental or lease of any "auto."