LPLOTKIN, Judge.
This appeal concerns the enforceability of exclusionary provisions in an automobile liability policy and a rental car agency’s rental agreement precluding insurance coverage for the operation of the vehicle by an unauthorized driver. The trial court concluded that the Louisiana statutory omnibus clause, LSA-R.S. 32:900(B)(2), requires insurers to provide coverage for permissive drivers despite the existence of such exclusionary provisions. We reverse.

*347
FACTS:

On April 25, 1995, a vehicle driven by defendant Lloyd Morgan rear-ended a vehicle driven by defendant Berlin W. Wells, which in turn struck plaintiff Sherman Johnson’s vehicle. Defendant Thrifty Rent-A-Car System (Thrifty), was the owner and lessor of the vehicle driven by Lloyd Morgan. Thrifty leased the vehicle to Ronnie Lucas. Mr. Lucas had given Mr. Morgan permission to use the ear at the time of the accident. The Thrifty vehicle rented to Mr. Lucas was |2covered under a liability insurance policy issued by Chrysler Insurance Company (Chrysler).
State Farm Mutual Automobile Insurance Company (State Farm) filed suit to recover the $9,132.09 it paid to its insured, plaintiff Sherman Johnson. The trial court held in favor of State Farm and concluded that Louisiana motor vehicle liability policies must insure both the named insured and any other person to whom the insured grants permission to use the vehicle pursuant to LSA-R.S. 32:900 et. seq., generally known as the statutory omnibus clause. Appellants Chrysler, Thrifty and Thrifty’s parent company, Superior Auto Association, argue that unauthorized driver exclusions such as the one in the Thrifty Rental Agreement are enforceable and should preclude insurance coverage.
The policy issued by Chrysler contains Endorsement No. 23, which limits liability coverage, stating, in pertinent part, as follows:
The LIABILITY COVERAGE limit of insurance applicable to the SCHEDULE above is the minimum financial responsibility limit established by the Financial Responsibility Law or other applicable statute (“statutory limits”) of the State or other jurisdiction in which a covered “auto” is being used.
The liability policy defines an insured as “You for any covered ‘auto’ ” and “Anyone else while using with your permission a covered ‘auto’ you own, hire or borrow ...” The “You” referred to in the policy is Thrifty. Endorsement Number 3 to the policy adds as an insured “[ajnyone who rents a covered auto from a Named Insured under a written rental agreement or anyone who operates, drives, or in any way uses a covered auto rented under such rental agreement.”
The policy also contains several exclusions. The policy’s Endorsement 19 excludes coverage to “a renter or additional renter as those terms are defined in any written Rental Agreement, while such auto is used or operated in violation of 13any term or condition of the Rental Agreement under which such auto is rented,” and to “any other person not authorized in writing by the terms of the Rental Agreement to operate the vehicle.”
The Thrifty Rental Agreement states under the heading of “Insurance” that Thrifty “agree[s] to provide coverage with limits equal to the minimum requirements of the State in which the car is rented and [Thrifty] will have no additional liability.” The Thrifty Rental Agreement was signed by Mr. Lucas and listed only Mr. Lucas as an “authorized renter.” The Rental Agreement also provides that the vehicle may be driven only by an “authorized renter.” An “authorized renter” is defined as “(i) me; (ii) my spouse; or (iii) a person who has appeared at the time of rental and has signed this Rental Agreement.” The words “me” and “my” refer to Mr. Lucas, the person listed and who signed as the “Renter” on the Rental Statement. The Rental Agreement also provides that the “prohibited use of the car violates the rental agreement, and voids all insurance coverage including liability (where permitted by law) ... and may make me responsible for all loss connected with the car, regardless of cause.” It is undisputed that Mr. Lucas gave Mr. Morgan permission to drive the rented car. However, Mr. Morgan was not fisted as an authorized or additional driver on Thrifty’s Rental Agreement.
“The Louisiana Motor Vehicle Safety Responsibility Law [LMVSRL], LSA-R.S. 32:851-1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles.” Simms v. Butler, 97-0416 (La.12/2/97), 702 So.2d 686 (emphasis added). LSA-R.S. 32:861(A)(1) mandates that every owner of a motor vehicle registered within the state be covered by an automobile liability policy with liability limits as defined by LSA-R.S. 32:900(B)(2), by a liability bond, or by a *348 certificate of self insurance. LSAjR.S.4 32:900(B)(2), the statutory- omnibus clause, provides in part that an owner’s policy of liability insurance shall do the following:
insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle.
State Farm argues that the Louisiana statutory omnibus clause is to be read into every motor vehicle liability policy and that any provision in the policy or a related contract purporting to exclude omnibus coverage for permissive drivers is contrary to public policy. Both appellants and appellee rely on the Louisiana Supreme Court case Hearty v. Harris, 574 So.2d 1234 (La.1991). In Hearty, a lessee who rented a car from Budget Rent-A-Car and who was listed as an authorized driver on Budget’s rental agreement gave an unnamed driver permission to use the rental ear. Budget’s vehicles were self-insured in accordance with LSA-R.S. 32:1042. The Budget rental agreement stated that the renter was provided with liability coverage equal to the minimum limits required by the compulsory motor vehicle liability security law. The rental agreement also provided that the “use of [a] rented vehicle by [a] driver other than one specifically qualified and identified on this contract will cancel and terminate insurance coverage.” Id. at 1235.
The Louisiana Supreme Court found that the provision in the rental agreement excluding omnibus coverage to unauthorized drivers was valid and enforceable. The court determined that Budget was not required to provide coverage to permissive drivers because LSA-R.S. 32:900 does not mandate omnibus coverage for self-insurers. Id. at 1238-39. The court noted that LSA-R.S. 32:900 applies specifically to “motor vehicle liability policies.” Id. at 1238 )5n. 11. The court defined a “motor vehicle liability policy” as a policy that is certified as proof of financial responsibility and issued by an insurance carrier authorized to transact business in this state. Id. at 1239, quoting LSA-R.S. 32:900(A). Such a “motor vehicle liability policy” is to be distinguished from an “automobile liability policy,” which the court defined as “a voluntary policy which has not been certified as proof of a motorist’s financial responsibility and does not therefore satisfy the requirements of the LMVSRL.” Id. The court concluded that Budget’s policy was an automobile liability policy because Budget chose to satisfy the requirements of the LMVSRL by obtaining a certificate of self insurance.[1] Id. at 1240.
State Farm seizes upon this distinction and argues that the liability policy issued by Chrysler is a motor vehicle liability policy and is thus subject to the mandatory omnibus clause. State Farm contends that Thrifty’s policy is not an automobile liability policy because Thrifty chose to satisfy the requirements of the LMVSRL by looking to an outside insurer to provide it with liability coverage. State Farm also notes that Thrifty’s policy was “certified” for use as proof of financial responsibility. Citing Hearty, State Farm argues that those who choose to meet the requirements of the LMVSRL by obtaining a liability policy with an outside insurer pursuant to LSA-R.S. 32:861(A) may not contract out of omnibus coverage. State Farm’s argument is not without merit.
The Louisiana Supreme Court in Hearty suggested that Budget’s status as a self-insurer was a primary factor in the court’s decision to enforce the exclusionary provisions in Budget’s rental agreement. The court distinguished the insurance (ecoverage provided by the Budget agreement from that provided to the insured in Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2d Cir.), writ denied, 440 So.2d 528, 754 (La.1983). The court in Fields held that any *349 outside liability policy obtained by a vehicle owner to satisfy the requirements of LSA-R.S. 32:861 is subject to the statutory omnibus coverage requirement. The Fields court also noted that “the statutory omnibus coverage provision will override or supersede a policy provision or endorsement excluding a named driver.” Fields, 437 So.2d at 346-47. However, the Fields decision did not concern insurance offered to lessees by a rental car agency.
Supporting State Farm’s argument, the distinction made by the Hearty court between a motor vehicle liability policy and an automobile liability policy would appear to rest on the choice required of the vehicle owner to satisfy LSA-R.S. 32:861. The Hearty court noted that “[i]n Fields, the court correctly distinguished between a compulsory liability policy required under the LMVSRL by LSA-R.S. 32:861 and a voluntary liability policy and held the statutory omnibus coverage provision of LSA-R.S. 32:900 would override or supersede a provision in a compulsory liability policy which excluded a named driver.” Hearty, 574 So.2d at 1241.
However, Hearty and subsequent Louisiana decisions have noted the unique nature of car rental agencies and the exceptions afforded to such establishments under LSA-R.S. 32:1041. LSA-R.S. 32:1041 provides:
Any person, firm, association or corporation licensed and engaged in the business of renting or leasing motor vehicles to be operated on the public highways shall only be required to furnish proof of financial ability to satisfy any judgment or judgments rendered against said person, firm, association or corporation in his or its capacity as owner of the said motor vehicle, and shall not be required to furnish proof of its financial ability to satisfy any judgment or judgments rendered against the ^person to whom the motor vehicle was rented or leased at the time of the accident.
Hearty, 574 So.2d at 1242.
In addition, the court in Hearty held that unauthorized driver restrictions in rental agreements do not violate public policy. Also, subsequent Louisiana decisions have held that a rental ear agency’s decision to satisfy LSA-R.S. 32:861 by obtaining a policy with an outside insurer rather than through a certificate of self insurance does not dictate whether the rental car agency may limit omnibus coverage through its rental agreement. We agree.
The Hearty court and this Court have held that unauthorized driver provisions in car rental agreements do not violate public policy. The court in Hearty noted:
Although we acknowledge that “automobile liability policies” are issued primarily for the protection of the public rather than the insured, it is not the public policy of this state to protect and provide compensation to injured persons at all times. Consequently, we believe it is not against public policy for an automobile rental agency to restrict liability coverage to certain named drivers.
Hearty, 574 So.2d at 1242.
Also, this court in McGill v. Winnins, 593 So.2d 896 (La.App. 4th Cir.1992), held that a provision in a car rental agency’s rental agreement canceling insurance coverage for use of the rented vehicle by an unauthorized driver was valid and enforceable. State Farm distinguishes the circumstances here from those in McGill and Hearty by highlighting the absence of an outside insurance contract in those cases. However, the court in Veillon v. Urban, 614 So.2d 238, 241 (La.App. 3d Cir.1993), held that an unauthorized driver provision in a rental car agency’s rental agreement was enforceable even though the agency looked to an outside insurer for liability coverage. The court held that “[wjhile Hearty ... differs from the present case in that Budget was self insured, we find it to be controlling. It is not against public policy for Dollar to restrict liability coverage to only those authorized drivers named in the rental agreement.” 614 So.2d at 241.
IsState Farm cites this Court’s decision in Mercadel v. Tran, 92-0798 (La.App. 4 Cir. 3/29/94), 635 So.2d 438, to support its contention that “[ijnsurance clauses which purport to exclude omnibus coverage for permissive drivers have been held to be invalid by Louisiana courts.” This reliance is misplaced, as *350 we held in Mercadel that “[ejxclusions of certain drivers in automobile liability policies are permitted and it is not against public policy if the exclusions do not conflict with the existing statutory provision mandating the inclusion of an omnibus clause in an insurance contract.” Id. at 441. Also misplaced is State Farm’s reliance on this Court’s opinion in Quittem v. National Car Rental Systems, Inc., 582 So.2d 1387 (La.App. 4th Cir.1991). Relying on language in Hearty, we held in Quittem that “automobile rental agencies ‘sell’ liability insurance to their lessees, regardless of whether they are self insured or insured by an insurance company.” Id. at 1340. However, Quittem did not address an agency’s ability to limit insurance coverage to certain drivers. The issue in Quittem was whether an automobile leasing company is required to offer uninsured motorist coverage to its lessees. The issue in Robinson v. Moore, 580 So.2d 1109 (La.App. 4th Cir.), writ denied, 586 So.2d 557, 558 (La.1991), as cited by State Farm, was exactly the same as that decided by Quittem. Although the named lessee in Thrifty’s rental agreement may have become a “named insured” under the Chrysler policy, Chrysler and Thrifty nonetheless were entitled to limit such coverage with an unauthorized driver exclusion.
Finally, State Farm argues that the exclusionary provisions in Thrifty’s policy are ambiguous and therefore should be construed in favor of insurance coverage. State Farm argues that the provision in the policy which reads, “You agree to provide coverage with limits equal to the minimum requirements of the State in which the car is rented but you will have no additional liability,” conflicts with the exclusionary provision voiding insurance coverage for the prohibited use of the car. However, in McGill v. Winnins, 593 So.2d 896 (La.App. 4th Cir.1992), this court considered facts almost identical to those in the Hearty ease.- The court held that “[t]he rental contract provided by Budget in the instant case as in Hearty unambiguously terminates liability insurance coverage to any driver of a Budget automobile not named as a lessee within the contract.” Id. at 897 (emphasis added). The rental agreement in Hearty, like the rental agreement and policy here, provided for coverage equal to the minimum requirements Uof state law while also excluding unauthorized drivers. We find that these provisions present neither conflict nor ambiguity.

Conclusion:

We find that a rental car agency’s decision to satisfy the requirements of LSA-R.S. 32:861(A) by obtaining liability coverage with an outside insurer does not require that omnibus coverage be afforded to the rental ear agency’s lessees. The Rental Agreement provision excluding coverage for unnamed drivers should be enforced. We therefore reverse the trial court’s judgment.
REVERSED.

. The court held that certificates of self-insurance are not insurance policies at all. The court noted that ‘‘[b]ecause a certificate of self-insurance is not an insurance "policy", we believe a self-insurer is not required to provide omnibus coverage in accordance with La. R.S. 32:900(B)(2) because the statutory language clearly and expressly indicates La.R.S. 32:900 applies specifically to 'motor vehicle’ liability po-liches].” Hearty, 574 So.2d at 1238 n. 11.